# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IRENE SABINO,

             Petitioner,

     v.

FERETI SEMAIA, ET AL.,

             Respondents.

Case No. 5:26-cv-02994-MAR

**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE**

## I.

## <u>INTRODUCTION & PROCEDURAL HISTORY</u>

On June 1 2026, Petitioner Irene Sabino ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") challenging her detention at the Adelanto Detention Center in Adelanto, California.  Dkt. 1 ("Pet.").  Petitioner is a citizen of Mexico in the custody of U.S. Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security ("DHS").  Id.

On May 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus alleging she was being detained in violation of the <u>Maldonado Bautista</u> judgment.  <u>See Sabino v. Semaia</u>, No. 5:26-cv-02361-MAR (C.D. Cal. May 14, 2026).  Respondents did not

contest Petitioner's membership in the Bond Eligible Class or oppose her request for a bond hearing. Id., Dkt. 9. On May 14, 2026, the Court therefore ordered that Petitioner be immediately released unless she was provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and consistent with due process within 7 days of the Order. The Order further specified that, to comport with due process the hearing must: (1) be conducted before a neutral immigration judge; (2) render a decision based only on evidence specific to the individual Petitioner that pertains either to danger to the community or flight risk and that is not based on "mechanistic factors" common to all noncitizens present without admission; and (3) consider Petitioner's financial circumstances when setting bond amount as required by Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017). Id., Dkt. 10.

On May 21, 2026, an Immigration Judge denied bond. Pet. at 6. Petitioner filed the instant Petition on June 1, 2026, arguing that the bond denial failed to comply with due process and this Court's May 14, 2026 Order and requesting her release from custody. Id. at 19–21. On June 9, 2026, Respondents filed an Answer in which they affirmatively state, "Respondents are not presenting an opposition argument at this time." Dkt. 8 at 2.

For the reasons set forth the below, the Court **GRANTS** the Petition and orders Respondents to immediately release Petitioner from custody.

## II.

## **LEGAL STANDARD**

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States,

including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and alterations omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."). Mathews v. Eldridge, 424 U.S. 332 (1976). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Mathews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes

upon a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe on a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

## III.

## ANALYSIS

**A.    The court has jurisdiction to review the immigration judge's detention determination**

In the context of a habeas petition, the administrative exhaustion requirement is prudential, not mandatory or jurisdictional. See Y.S.G. v. Andrews, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025) ("The federal habeas statute under which this case was filed does not require exhaustion of administrative remedies."). As such, the exhaustion requirement may be waived "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). Petitioner bears the burden of showing that one of these exceptions applies. See Leonardo, 646 F.3d at 1161.

The Court concludes that it is also appropriate to waive the administrative

4

exhaustion requirement to ensure compliance with the Courts May 14, 2026 Order. See, e.g., Singh v. Warden, Golden State Annex Detention Facility, 2026 WL 1328588, at *5 (E.D. Cal. May 13, 2026) ("District courts in the Ninth Circuit have found that a petitioner need not exhaust administrative remedies by appealing a district court-ordered bond hearing to the BIA before pursuing a motion to enforce judgment."); C.A.R.V., 2026 WL 241823, at *4 ("As mentioned previously, any alleged exhaustion requirement in this case must fully contend with the Court's continuing authority to enforce its own injunction."); Lopez Santana v. Marin, 2026 WL 1179732, at *1 (E.D. Cal. Apr. 30, 2026) ("The Court has jurisdiction to enforce its own orders. Petitioner is seeking to enforce the Court's Order as to the legal sufficiency of the bond hearing." (citations omitted)).  Accordingly, the Court concludes that it is appropriate to waive the prudential administrative exhaustion requirement.

**B.      Petitioner's bond denial violated this Court's Order and due process**

The Ninth Circuit has held that an immigration judge's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law that may be reviewed for abuse of discretion.  See Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024); see also C.A.R.V. v. Wofford, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026) ("In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an 'abuse of discretion' standard.")

The Ninth Circuit has explained that when assessing whether an alien "is a danger to the community or a risk of flight," an immigration judge may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration

violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Martinez, 124 F.4th at 783 (internal quotation marks omitted). An immigration judge has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." Id. at 784. An IJ abuses their discretion in denying bond, however, when the IJ fails to "consider and address in its entirety the evidence submitted by [the] petitioner." Hossein Miri v. Bondi, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *7-9 (C.D. Cal. Mar. 5, 2026); Y.S.G., 2025 WL 2979309, at *9 (finding an abuse of discretion when the IJ "failed to meaningfully discuss the probative evidence submitted demonstrating his significant ties to the community.") In the context of a flight-risk determination, factors unique to the detainee must be evaluated in determining whether the noncitizen is unlikely to appear for future immigration proceedings. See In re Patel, 15 I. & N. Dec. 666, 666–67 (BIA 1976) (ordering release on recognizance where IJ had erroneously set a bond based on factors that "bear little if any relevance to the issue of whether or not the respondent is likely to appear for his deportation proceeding"); cf. Martinez, 124 F.4th at 780 (no abuse of discretion where IJ "evaluated [petitioner's] mitigating evidence, such as his successful pre-incarceration release on bond, the district court's statements during sentencing, his efforts at rehabilitation, his family ties, and his strong community support.").

On May 14, 2026, the Court ordered that Petitioner be immediately released unless she was provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and consistent with due process within 7 days of the Order. The Order further specified that, to comport with due process the hearing must: (1) be conducted before a neutral immigration judge; (2) render a decision based only on evidence specific to the individual Petitioner that pertains either to danger to the community or flight risk and that is not based on "mechanistic factors" common to all noncitizens present without admission; and (3) consider Petitioner's financial circumstances when setting bond

6

amount as required by Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017).  Id., Dkt. 10 (citing Enrique Munoz Nopala, et al. v. Markwayne Mullin, et al. Additional Party Names: Alberto Juarez Rincon, Alberto Ocampo Trujillo, Daniel Fernando Tzun, Jose Antonio Cortez Lozano, Tomas Vazquez, No. EDCV 26-1460 JGB (JDE), 2026 WL 931083, at *4 (C.D. Cal. Apr. 2, 2026).

Here, it is undisputed that Petitioner's immigration counsel received notice of the bond hearing on May 14, 2026 at 2:20pm, over an hour after the bond hearing was scheduled to start.[1]  See Dkt. 1-1 Declaration of Aubrey McClure Campbell, Esq. in Support of Petitioner's Status Report.  It is further undisputed that Petitioner submitted letters of support, evidence of her U.S. citizen son, evidence of her community ties, and evidence of her financial circumstances and ability to pay.  Id.  It is undisputed that the IJ's written order only states that Petitioner's request was denied for "flight risk, for which no amount of bond or other measure are sufficient to mitigate."  Id.  It is further undisputed that the IJ's determination relied upon "unlawful entry, continued presence without status, and work without authorization."  Id.  Petitioner argues, and Respondents do not contest, that the hearing provided did not comply with the Court's May 14, 2026 Order.  Pet. at 3.

The Court agrees that the hearing failed to comport with due process and thus Petitioner is being detained in violation of this Court's Order.  As an initial matter, the Court is concerned that Petitioner's counsel was not notified of the hearing until after it had already begun.  A. A. R. P. v. Trump, 605 U.S. 91, 94–95 (2025) ("Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties" and that "afford[s] a reasonable time ... to make [an] appearance."")

---

[1] The following facts are alleged in the Petition and attached exhibits.  Dkt. 1.  Respondents had the opportunity to dispute these facts or provide additional facts, but declined to do so.  Dkt. 8.  Therefore, the Court considers the following facts to be undisputed and conceded for purposes of ruling on the Petition.  See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

Moreover, in violation of this Court's Order, the IJ failed to provide an individualized hearing. See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022) (explaining that 8 U.S.C. § 1226(a) requires an "individualized bond determination" (internal quotation marks omitted). The IJ relied on "mechanistic" factors that are true of nearly every member of the Maldonado Bautista class and failed to consider Petitioner's individual circumstances. N.A. v. Warden, Adelanto Det. Facility, No. 5:25-CV-03007-CV-MBK, 2026 WL 734587, at *8 (C.D. Cal. Feb. 20, 2026), report and recommendation adopted, No. 5:25-CV-03007-CV-MBK, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026) (IJ's sole reliance on factors "true of virtually every asylum seeker…. many of whom the Government releases on bond," without citation to "any facts specific to [the] case" or other explanation, constituted abuse of discretion).

Similarly, the IJ failed to provide any written explanation of Petitioner's flight risk factor. See also Miri v. Bondi, 2026 WL 622302, at *9 (C.D. Cal. Mar. 5, 2026) (holding that immigration judge abused its discretion in denying bond because the judge "did not explain the reasons for denying Miri's bond," and "did not describe which Martinez factors were considered, if any, or what evidence was relied on"); Vasquez Lopez v. Hernandez, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) ("The Court is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors. The Court must conclude that the immigration judge failed to do so, which constitutes an abuse of discretion."); Kumar, 2026 WL 983129, at *2 ("The IJ's failure to provide any basis for the decision that Petitioner was a risk of flight, beyond a conclusory statement that DHS had met its burden, was thus an abuse of discretion."); Lopez Santana v. Marin, 2026 WL 1179732, at *2 (E.D. Cal. Apr. 30, 2026) ("The IJ's failure to provide any explanation for the bond denial, including addressing the evidence submitted and the factors that the IJ considered, was an abuse of discretion.").

Finally, pursuant to Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017) and

8

Hernandez v. Lynch, EDCV 16-00620-JGB (KKx), due process requires the IJ to affirmatively inquire into an individual's financial ability to post bond and suitability for release on alternative conditions.  See Dkt. 368-1 at 24.  The Court therefore ordered that the IJ consider such factors when considering bond.  Here, the IJ did not consider whether Petitioner "may be released on alternative conditions of release, alone or in combination with a lower bond, that are sufficient to mitigate flight risk."  Id.; see Pet. at 14–15.

For the foregoing reasons, and based on Respondents' affirmative non-opposition to the Petition, the Court concludes that Petitioner has met her burden of showing that the bond hearing provided failed to comply with this Court's Order and due process.

**C.    The appropriate remedy is release**

The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody."  Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  "Its mandate is broad with respect to the relief that may be granted."  Id.  "It provides that '[t]he court shall . . . dispose of the matter as law and justice require.'"  Id. (quoting 28 U.S.C. § 2243); see also Brown v. Davenport, 596 U.S. 118, 127-28 (2022) (explaining that district courts have equitable discretion, "as law and justice require," for remedying unlawful detention in habeas proceedings).  Furthermore, this Court ordered Respondents to release Petitioner unless Petitioner received a constitutionally compliant bond hearing in seven days.  That time has long-since elapsed.  Given this violation of Petitioner's due process rights, the Court concludes that "Petitioner's release is necessary to return [her] to the status quo."  Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  Therefore, the Court orders that Petitioner be immediately released.  See Melchor-Melchor v. Noem, No. 5:26-CV-00766-SSS-BFM, 2026 WL 760058 (C.D. Cal. Mar. 16, 2026).

Finally, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained, unless she is subject to a final

9

removal order.  See Perez Bueno v. Janecka, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *4 (C.D. Cal. Feb. 5, 2026) (ordering that the petitioner be released from immigration detention and that he not be re-detained without a pre-deprivation hearing); Mourey v. Bowen, No. 5:25-CV-03262-WLH (DTB), 2026 WL 467567, at *6 (C.D. Cal. Jan. 31, 2026), report and recommendation adopted, No. 5:25-CV-03262-WLH (DTB), 2026 WL 464788 (C.D. Cal. Feb. 17, 2026) ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty.  Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)).  Habeas relief is not limited to "discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted."  Carafas v. LaVallee, 391 U.S. 234, 239 (1968).  Title 28 U.S.C. § 2243 expressly provides that "[t]he court shall . . . dispose of the matter as law and justice require."

"A permanent injunction may be entered, at the discretion of the District Court, where a petitioner shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006).  The Court finds Petitioner has made such a showing here.  She has suffered an irreparable injury by being detained without due process of law, and would again if Respondents repeat such conduct.  Legal remedies such as damages would be inadequate to cure the unconstitutional loss of her liberty.  And the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they seek to re-detain Petitioner, versus forcing Petitioner again to suffer detention and sue to win her release, favor the imposition of a limited injunction

10

against future re-detention without notice and a pre-deprivation hearing. Thus, the Court includes a permanent injunction prohibiting Respondents from repeating the same unconstitutional re-detention of Petitioner that necessitated this habeas case in this Order. See, e.g., Esquivel Pacheco v. LaRose, 2026 WL 242300, at *7 (S.D. Cal. Jan. 29, 2026) ("Consistent with many other courts, the Court enjoins any further detention of Petitioner unless the government first—prior to any detention—justifies the deprivation of his liberty interest at a bond hearing."). This is further consistent with the Supreme Court's holding that "the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." See Zinermon, 494 U.S. at 127 (emphasis in original).

## IV.

## ORDER

Respondents shall immediately release Petitioner **Irene Sabino (A-Number 246-061-185)** from custody with the same conditions in place at the time of her detention. **Respondents shall file a notice of compliance within twenty-four hours.** Respondents are enjoined from re-detaining Petitioner without first providing Petitioner with individualized notice describing the change in circumstances necessitating her arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge at which Respondents will bear the burden of proof. Petitioner shall not be detained, prior to being subject to a final order of removal, unless Respondents demonstrate by clear and convincing evidence at the pre-deprivation hearing that Petitioner is a flight risk or a danger to the community, and that there are no conditions or combination of conditions that will reasonably assure Petitioner's appearance and/or

the safety of any other person in the community.

        IT IS SO ORDERED.


DATED:   June 18, 2026

_____
HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

12